*Ridgely* and *Bayard* for plaintiff. *Read* and *Miller* for defendant.

## STATE, for the use of E. REYNOLDS, v. HENRY REYNOLDS.

Court of Common Pleas. Kent. July, 1796 (Adjourned).

*Bayard's Notebook, 140.*

Upon the trial before the Court, *Miller* objected: first, the *scire facias* contains the words "their several and respective shares of the valuation money of the landed estate of the said Richard Reynolds, deceased," which words are not in the recognizance; secondly, it is the joint and several recognizance of H. Reynolds and H. Moleston, and the *scire facias* is against defendant solely. These variances he insisted were fatal upon the plea of *nul tiel record,* and he cited Doug. 93 and 4 Term 558.

BASSETT, C. J. A *scire facias* upon a recognizance is in nature of a declaration. The *scire facias* need not follow the words of the recognizance. It is sufficient if it is according to its legal effect and import. The first objection regards words which may be considered as surplusage and therefore may be rejected. And as to the second, the recognizance being several, *scire facias* against one recognizor is good, and so is the case in [2] Esp.N.P. 743.

JOHNS, J.  A variance which is not substantial cannot be fatal. If the record is in effect the same with the *scire facias,* there is no variance.  A variance must be in the sense in order to be material.

Judgment for plaintiff.

*Fisher* and *Bayard* for plaintiff.